UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE SCHMIDT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS AMERICA, INC., *et al.*, <br><br> Defendants. | CASE NO. C16-1725-JCC <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL |

This matter comes before the Court on Plaintiffs' motion to appoint interim co-lead class counsel (Dkt. No. 52). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiffs filed a putative class action against Defendants Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., and Samsung SDI America, Inc. on November 4, 2016, for allegations stemming from the Samsung Galaxy Note7. (Dkt. No. 1 at 3.) Plaintiffs allege violations of the Washington Consumer Protection Act and the Washington Product Liability Act, in addition to breach of warranty of merchantability and unjust enrichment. (Dkt. No. 1 at 21–27.) Plaintiffs seek to designate their current counsel as interim co-lead class counsel. (Dkt.

No. 52.) Defendants oppose the appointment. (Dkt. Nos. 55, 56.)

## II. DISCUSSION

Federal Rule of Civil Procedure 23(g)(3) provides that the Court *may* designate interim class counsel before certification of a class. The appointment of interim counsel is discretionary and is particularly suited to complex actions. *See, e.g.*, *In re Seagate Tech. LLC Litig.*, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016).

Defendants' primary opposition to appointment of interim lead counsel was the absence of similar cases. (Dkt. No. 55 at 2.) However, since Defendants' response in opposition (filed March 27, 2017), a class action complaint was filed in the Middle District of Pennsylvania involving the same phone at issue here. (Dkt. No. 58 at 3) (citing *Farmer v. Samsung Electronics America, Inc.*, 17-CV-564-MEM (M.D. Pa.)). This fact significantly weakens Defendants' position. Moreover, given Plaintiffs' counsels' qualifications to serve as interim counsel, and the discretion district courts retain in appointing interim lead counsel, the Court finds it appropriate to appoint interim co-lead class counsel.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for appointment of interim co-lead class counsel (Dkt. No. 52) is GRANTED. Plaintiffs' current counsel, Keller Rohrback L.L.P and McCune Wright Arevalo L.L.P., are hereby appointed interim co-lead class counsel.

DATED this 2nd day of May 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' MOTION TO
APPOINT INTERIM CLASS COUNSEL
PAGE - 2